**SO ORDERED.**

**SIGNED August 16, 2005.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| IN RE:<br>    PETER BRUCE SCHUMACHER<br>    d/b/a TRENTON STREET CAFÉ<br>    (Debtor) | CASE NO: 02-32449 |
| COMMUNITY TRUST BANK<br>    (Plaintiff) | |
| VERSUS | ADVERSARY NO. 04-3039 |
| FIRST NATIONAL BANK<br>    (Defendant) | |

### REASONS FOR DECISION

This matter comes before the Court on the Complaint for Declaratory Judgment filed by Community Trust Bank. This Court has jurisdiction pursuant to 28 U.S.C. 157(b)(2)(A), (G), (N) and (O) and by reference from the District Court pursuant to Local Bankruptcy Rule 9029-3, incorporating Uniform District Court Rule 83.4. The District Court issued a ruling on August 12,

2005, in which the defendant's Motion to Withdraw the Reference was denied. Therefore, this Court makes the following findings of fact and conclusions of law pursuant to F.R.B.P. 7052.

## History

Debtor Peter Bruce Shumacher d/b/a Trenton Street Café filed a voluntary petition under Chapter 7 on November 27, 2002. Ms. Lucy Sikes was appointed Chapter 7 Trustee. Debtor's Schedule B reflected an interest in real estate in Lincoln Parish, Louisiana, which was described as having been "surrendered." Debtor listed two secured claims against the property, namely Community Trust Bank and First North American Mortgage Association.

First National Bank filed a Motion to Lift Stay and Abandon Property and to Lift Co-Debtor stay against a portion of a lot located in the Town of Ruston, Louisiana, a tract of land in Section 14, Township 17 North, Range 3 West, Lincoln Parish Louisiana, and the inventory, equipment and fixtures at 201 North Trenton Street, in Ruston, Louisiana, also known as Trenton Street Café.[1] The motion alleged that the loan documents were executed by debtor or Transformance, Inc., a Louisiana Corporation, which also filed a Chapter 7 proceeding under Docket No. 02-32448, on November 22, 2002.

An order granting relief from the stay was entered on January 29, 2003, which also abandoned the property from the estate. Debtor received a discharge on May 7, 2003. On May 12, 2003, the Chapter 7 Trustee and Community Trust Bank filed a Joint Motion to sell collateral to it as a secured creditor affecting the real estate in Lincoln Parish, but not the lot in Ruston with the restaurant inventory and equipment. An order approving that sale was entered on June 6, 2003.

---

[1] The filing of a petition under Chapter 7 does not impose a stay against co-debtor(s), as is the case in Chapters 12 and 13.

Pursuant to that Order, the Trustee executed an Act of Sale which was recorded in the public records of Lincoln Parish conveying the estates's interest in the property to Community Trust Bank.

The case was closed on June 30, 2003. On July 27, 2004, the Chapter 7 Trustee moved to reopen the case and she was reappointed as Trustee. Ms. Sikes then moved to vacate the Order of Consensual sale, alleging that the creditor involved had reported a problem in the property description. First National Bank then objected to the Motion to Vacate, asserting that the order was final and that the effect of the Consensual Sale Order was the extinguishment of Community Bank's encumbrance on the property by virtue of confusion.[2] A hearing was held on September 1, 2004. This Court entered an Order dismissing the Motion to Vacate without prejudice to the filing of an Adversary Proceeding.

Community Trust Bank filed a Complaint on September 20, 2004, for declaratory judgment, seeking to have the Consensual Sale Order vacated, asserting that the estate had no interest in the property at the time of the attempted sale, due to the fact that the order lifting the stay had also abandoned the estate's interest in the property. First National Bank filed a Motion to Withdraw the Reference. The District Court referred that motion to the Magistrate Judge, whose Report and Recommendation dated June 8, 2005, recommended that the Motion to withdraw the reference be denied.

This Court concurs with the conclusions of the Magistrate Judge regarding the Consensual Sale Order. Put simply, it was improvidently granted. Thus, the Trustee's attempted sale was of no

---

[2] It appears that the secured creditors' claims overlapped, in that First National Bank had a mortgage on 26 acres, which included 18 acres on which Community Trust Bank had a mortgage. Complaint, Adversary Proceeding, Document 1. This Court does not view this as an error in the property description.

3

effect.

## Conclusion

Pursuant to the foregoing reasons, the Order of Consensual Sale entered June 6, 2003, be and is hereby vacated, annulled and set aside. A separate and conforming order will be entered.

# # #

4